# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YVONNE WOODRING,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EQUITY LIFESTYLE PROPERTIES, INC,<br><br>　　　　　　Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff, Yvonne Woodring, by and through her counsel, Mobilio Wood, brings this action against Defendant, Equity Lifestyle Properties, Inc., and alleges upon knowledge as to herself and her own acts, and otherwise upon information and belief, as follows:

## INTRODUCTION

1. Plaintiff brings the instant action to redress harm caused by Defendant's violations of her rights as secured by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## PARTIES

2. Plaintiff Yvonne Woodring ("Plaintiff") is an adult individual residing at 2 Mountain Top Lane, Narvon, PA 17555.

3. Defendant Equity Lifestyle Properties, Inc. ("Defendant") is a business organization incorporated in Maryland and doing business at 63A Greenbriar Dr. N, Bath, PA 18014 where Defendant operates a manufactured home community.

4. At all times relevant and material herein, Defendant acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's federal claims in accordance with 28 U.S.C. § 1331 because this civil action arises under a law of the United States and seeks redress for violations of a federal law.

6. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

7. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On December 5, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") against Defendant, alleging disability discrimination.

9. On May 12, 2020, the EEOC issued a dismissal and Right to Sue.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed as property manager and subsequently a general manager for Defendant for over seven (7) years prior to her termination.

11. Prior to her termination, Plaintiff never had any disciplinary actions against her, including no write-ups.

12. In or around the summer of 2017, Plaintiff's doctor diagnosed her with fibromyalgia and diabetes.

13. Plaintiff's medical conditions required her to periodically come into work late and to attend doctors' appointments.

14. In or around November 2017, Plaintiff notified Defendant's Senior Vice President, David Kozy, of her diagnosed medical conditions.

15. Senior Vice President, David Kozy, initially approved Plaintiff's requests to come into work late and to take time to attend doctor appointments, so long as Plaintiff notified him in advance.

16. In or around October 2018, Plaintiff contacted Defendant's human resources department via email to inquire into the availability of FMLA leave, as well as health insurance coverage for a potential surgery related to her medical conditions.

17. Plaintiff never received a response.

18. Plaintiff subsequently followed up with Defendant's Regional Manager, Colleen Murphy-Grim, in the beginning of 2019 regarding FMLA leave and/or short-term disability.

19. The Regional Manager told Plaintiff that she would look into FMLA leave and/or short-term disability and get back to Plaintiff.

20. Plaintiff never received any further information from the Regional Manager.

21. Despite her medical conditions, Plaintiff continued to be an exemplary employee of defendant and received her full bonus from Defendant in April 2019.

22. While Plaintiff continued to wait for a reply to her FMLA and short-term disability information request, she missed several more days of work and came into work late on several occasions due to her medical conditions.

23. On June 7, 2019, Defendant's Regional Manager, Colleen Murphy-Grim, abruptly terminated Plaintiff's employment with Defendant.

24. Ms. Grim told Plaintiff that she was terminated because Plaintiff failed to disclose her relationship with Wendy Tucker, Plaintiff's sister, who owned real property in the development.

25. However, Plaintiff notified Defendant of her relationship with Wendy Tucker and Plaintiff's involvement with the Property in order before November 2011.

26. In fact, at all times relevant, Defendant and its employees were aware of Plaintiff's relationship with Wendy Tucker and, as a result, Plaintiff had previously been prohibited from working on the sale of her sister's Property.

27. Although Plaintiff reminded Ms. Grim of Defendant's knowledge of the aforementioned and Defendant's long-standing acquiescence to the situation, Defendant advised Plaintiff that the termination would stand.

## COUNT I

**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993: RETALIATION**
**(Plaintiff v. Defendant)**

28. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

29. Defendant was a covered employer within the meaning of the FMLA because it employed fifty or more employees for each working day during each of

twenty or more calendar work weeks in the year preceding Plaintiff's request for FMLA leave.

30. Plaintiff was a covered employee within the meaning of the FMLA because she was employed by Defendant for at least 12 months, and she had worked at least 1,250 hours for Defendant in the year preceding her request for FMLA leave.

31. 29 C.F.R. § 825.220(c) prohibits an employer from "discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."

32. As stated *supra*, both of Plaintiff's inquiries into the availability of FMLA leave failed to yield any meaningful response from Defendant.

33. Pursuant to 29 U.S.C. 2612(a)(1), Plaintiff was entitled to a total of 12 workweeks of leave.

34. On June 7, 2019, the Regional Manager, Colleen Murphy-Grim, terminated Plaintiff's employment stating that Plaintiff failed to disclose her relationship with Wendy Tucker.

35. At all times material hereto, Defendant was aware that Plaintiff was the sister of Wendy Tucker, who owned a property in Defendant's development.

36. As such, Plaintiff had already been screened from working on the sale of that site.

37. Accordingly, the stated basis for Plaintiff's termination was merely pretext for a discriminatory motive.

38. Defendant's true reason for terminating Plaintiff is unrelated to her relationship with Wendy Tucker; rather, Plaintiff was terminated due to her repeated inquiries into FMLA leave.

39. Through its conduct, Defendant violated the FMLA.

40. Defendant's violation of the FMLA was intentional.

41. Plaintiff has been injured as a result of Defendant's conduct in that she has suffered, and continues to suffer economic losses, lost employment opportunities, and other such damages.

## COUNT II

**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993: INTERFERENCE**
**(Plaintiff v. Defendant)**

42. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

43. Plaintiff was eligible for FMLA leave in that she had been employed by Defendant for greater than twelve (12) months.

44. Defendant was a covered employer within the meaning of the FMLA because it employed fifty or more employees for each working day during each of

twenty or more calendar work weeks in the year preceding Plaintiff's request for FMLA leave.

45. As stated *supra*, Plaintiff inquired into the availability of FMLA leave due to her medical conditions on two separate occasions, but in both instances Defendant failed to provide any information regarding FMLA leave to Plaintiff.

46. Plaintiff attempted to advise Defendant that she would require future leave with a date uncertain under 29 U.S.C. 2612(e)(2)(B), but her attempts yielded only silence from Defendant.

47. Plaintiff was entitled to FMLA leave because she suffers from serious health conditions, fibromyalgia and diabetes, which require continuing treatment by a health care provider.

48. On June 7, 2019, Defendant terminated Plaintiff's employment under the guise that Plaintiff had failed to disclose her familial relationship with her sister, Wendy Tucker.

49. At all times ,material hereto, Defendant was aware that Plaintiff was the sister of Wendy Tucker who owned a property in Defendant's development, and Defendant therefore screened Plaintiff from work related to Wendy Tucker's property.

50. Defendant denied Plaintiff FMLA leave, to which Plaintiff was entitled, by terminating Plaintiff's employment due to her inquiries into FMLA leave.

## COUNT III

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 *et seq*.: TERMINATION
### (Plaintiff v. Defendant)

51. The above paragraphs are incorporated below as if fully set forth at length below.

52. At all times relevant and material herein, Defendant was Plaintiff's "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and employed over 500 persons.

53. Plaintiff's fibromyalgia and diabetes substantially impair her major life activities and major bodily functions.

54. In addition, or in the alternative, Defendant regarded Plaintiff as having an impairment due to her fibromyalgia and diabetes.

55. Plaintiff's fibromyalgia and diabetes each therefore constitute a "disability" as defined by 42 U.S.C. §12102(2).

56. At all times relevant and material herein, Plaintiff was capable of performing the essential functions of her employment position with reasonable accommodations.

57. 42 U.S.C. § 12112(a) provides, in relevant part, that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . ."

58. Subsequent to Plaintiff requesting time off and occasional late arrival times to accommodate her diagnosed disabilities, Defendant terminated Plaintiff's employment, under the pretense of Plaintiff having a conflict of interest.

59. Through its conduct, Defendant violated the ADA.

60. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of Plaintiff's rights, warranting an award of punitive damages.

61. Plaintiff has been injured as a result of Defendant's conduct in that she has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, and lost employment opportunities.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that a judgment be entered in her favor and against Defendant in the following respects:

a) An order awarding damages on all counts herein, including punitive damages;

b) An order awarding attorneys' fees and expenses on all counts herein;

c) Pre-judgment interest; and

d) All other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

                                            Respectfully submitted,

                                            **Mobilio Wood**

Date: 5/20/2020                        BY:  *s/ Matthew Mobilio*
                                            Matthew Mobilio, Esq. (I.D. No. 209439)
                                            609 W. Hamilton St., Suite 301
                                            Allentown, PA 18101
                                            Phone: (610) 882-4000
                                            Fax: (866) 793-7665
                                            matt@mobiliowood.com


                                            Peter C. Wood, Jr., Esq. (I.D. No. 310145)
                                            900 Rutter Ave.,
                                            Box 24Forty Fort, PA 18704
                                            Phone: (570) 234-0442
                                            Fax: (570) 266-5402
                                            peter@mobiliowood.com